COLE, Judge.
The facts surrounding this litigation are as follows. Appellant Jane Bayhi was employed as a Nurse III at the Jefferson Parish Health Unit. On Friday, March 9,1979, she received a letter signed by J. T. Ham-rick, Acting Assistant Secretary of the Office of Health Services and Environmental Quality, (a part of the Department of Health and Human Resources), informing her she was being transferred to a Central Cost Center. The transfer was to be effective the following Monday, March 12, 1979, when Ms. Bayhi was to report to the Chief Nurse for her specific assignment. She later learned the assignment was at a Family Planning Program in New Orleans.
Appellant, distressed by this sudden transfer (or “change in duty station” as it is called in the civil service rules) attempted to contact various superiors to find out why she was being moved, but was unable to reach anyone. On April 4, 1979, she delivered her letter of appeal to the director of the Civil Service Commission (herein referred to as the Commission), citing seven reasons why she was entitled to a hearing on her transfer.
The appointing authority filed a motion for summary disposition of the matter under civil service rule 13.14(a) 1 and 2,[1] alleging that since a change in duty station was specifically authorized by rule 8.16(c), appellant had no legal right to appeal the matter.
A hearing on the summary disposition was held November 13,1979, and an opinion rendered by the Commission on January 16, 1981. The Commission found merit with only one of appellant’s arguments. Therefore, the motion for summary disposition was granted as to six of the issues raised and denied as to one. The issue having merit was the charge that her change of duty station had been a discriminatory action on the part of the appointing authority. Ms. Bayhi then filed her appeal to this court, complaining she had been denied the opportunity to be heard on the other six issues.[2]
After reviewing the record we agree with the Commission that the six issues do not give appellant a legal right to appeal, therefore we affirm the decision of the Commission.
The opinion of the Commission discussed some, but not all, of the arguments raised by Ms. Bayhi in her letter of appeal. First, she claimed the change of duty station was a breach of contract in that upon her initial job application, and with every other subsequent application for a higher position, she specified she would work only in Jefferson Parish. The Commission concluded, and we agree, a job application is not a binding contract because at the time it is made there is no agreement between the parties. It is merely a preliminary step in the forming of the contract. The purpose of the question asking where the applicant desires to work is simply to inform the employer of the potential employee’s pref *397 erence. There is no guarantee the employee will be assigned to that parish or will work permanently in that parish.
As the Commission pointed out, civil service rule 8.16(c) specifically allows the appointing authority to transfer an employee from one geographical location to another. The rule reads as follows:
“An appointing authority may change the duty station of a permanent employee from one geographical area to another and any such change shall be reported to the Director; and may change the duty station of a provisional or probationary employee from one geographical area to another with the prior approval of the Director.”
The Commission noted this right to transfer employees is necessary so the appointing authority has management flexibility. We note even in private employment there is no guarantee an employee will not be transferred to another geographical location.
Appellant claimed further the change of duty station was a demotion and a punitive action without cause. She stated her new job is in a less desirable location, is much further from her home, and requires longer hours. “Demotion” is defined by rule 1.11 as being a change of an employee from a position of one class to a position of another class for which a lower minimum rate of pay is prescribed. Ms. Bayhi did not allege she has been changed from her class of Nurse III or that the gross wage is any less. While we can sympathize with the inconvenience caused by the change in duty station, we can grant her no relief because the appointing authority has acted within its power.
We will briefly discuss the other issues raised by appellant. We find no merit in her argument she is entitled to an appeal because the new position is in a federally funded program and is therefore subject to the possibility of withdrawal of funds and the termination of the program. This complaint is highly speculative. Further, we cannot reasonably say all civil service employees are entitled to work only in those jobs in which no federal funds are involved. The possibility of termination of funding is one many employees must face and is not a grounds for appeal.
Appellant further claims the transfer was an insult to her professional ability. The essence of this complaint is she was displeased with the way the transfer was handled. Again, while we can sympathize with her position, this alone does not form the basis of an appeal. She did not point out any rules that had been violated by this method of transfer and the Commission cannot grant hearings simply to allow an employee to complain about the tactless manner in which the transfer was handled.
Appellant’s other complaints are closely related to her charge that her transfer was discriminatory and based on nonmerit reasons. Therefore, we need not discuss them because they will undoubtedly be examined at the hearing on that issue.
For the foregoing reasons, the decision of the Commission is affirmed. Appellant is to pay all costs.
AFFIRMED.

. Rule 13.14 reads as follows:
“(a) At any time after the docketing of an appeal a written request may be filed by any interested party for summary disposition thereof on any of the following grounds:
1. That the Commission lacks jurisdiction of the subject matter, or of the person against whom relief is sought.
2. That the appellant has no legal right to appeal.”

. Appellant’s brief is somewhat confusing in that she raised several broad issues such as whether or not the Civil Service Commission has failed to accomplish a merit system of civil service. Yet she did not discuss these issues in brief but instead discussed the six issues she raised originally in her letter of appeal to the Commission. We too have addressed the issues raised in her letter because they are the gist of her appeal. The “issues presented on appeal” in her brief are not issues that can be decided from this record. We attribute this confusion to the fact that appellant is appearing in proper person.